IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | CONSOLIDATED UNDER MDL DOCKET NO. 01-875 |
| JOSEPH F. STALMACH, et al. | : : | CIVIL    NO. 21-1705 |
| v. | : : | |
| ABB, INC., et al. | : | |

**MEMORANDUM ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          July 15, 2022

Before the court is Plaintiffs' motion to compel Defendant, Wabtec Transportation Systems, LLC ("Wabtec"), to produce a corporate designee for a deposition pursuant to Fed. R. Civ. P. 30(b)(6), and associated briefing. Docs. 143, 146-47. The parties' dispute concerns not the deposition itself, but what if any time restriction applies to the topics to which the deponent will testify. For the reasons that follow, the applicable time period will be 1965 through 2005.[1]

Plaintiffs allege asbestos exposure while Mr. Stalmach worked from 1967 to 2003 at the General Electric Transportation plan in Erie, PA, which is now owned by Wabtec. Doc. 143 at 6; Doc. 146 at 2.[2] As set forth in Defendant's response, Wabtec agrees to

---

[1] The Honorable Eduardo C. Robreno, to whom this matter is assigned, has referred certain pretrial matters, including supervision of discovery, to the undersigned. Doc. 89.

[2] The parties have apparently agreed to include within their discovery the years 1965-1966, in light of a companion case pending in Pennsylvania state court. Doc. 143 at 6 n.2.

produce a witness to address the following topics identified in Plaintiffs' deposition notice: 1-3, 7-10, 13-25, 27-32.  Doc. 146 at 6-7.[3]  Plaintiffs maintain that the deponent should be directed to testify, and Wabtec must produce documents, without regard to any time limitation, whereas Wabtec maintains that the time should be limited to 1965-2003, the period of alleged exposure.

I conclude that the time period for document production and the designee's testimony should begin in 1965.  While Plaintiffs may be correct that "many defendants . . . possessed knowledge of the hazards of asbestos decades earlier than 1965," Doc. 143 at 7, Wabtec states that "after conducting a diligent search and interviewing multiple employees and former employees, Wabtec . . . was unable to locate any documents from prior to 1965 and it was . . . unable to identify a person with personal knowledge of asbestos-related activities prior to 1965." Doc. 146 at 8.  On that basis I will not direct discovery or deposition earlier than 1965.  However, Plaintiff is permitted during the designee deposition to explore Wabtec's search (topic 2), and if the deposition reveals potential documents or knowledge prior to 1965, Plaintiff may renew the motion.

With respect to the time period following the period of alleged exposure, I conclude that some additional time period after 2003 is discoverable and properly the subject of document production and designee testimony.  An additional period of two

---

[3]All pinpoint citations are to the court's ECF pagination.

years is sufficient to capture such relevant information, and thus I will direct Wabtec to expand its search and preparation of its witness through 2005.[4]

The additional document production and the designee deposition shall take place no later than September 1, 2022.

BY THE COURT:

/s/ Elizabeth T. Hey

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiffs also seek to address topics 12 and 26, Doc. 143 at 5, but I conclude that neither topic is properly discoverable. Topic 12 seeks information concerning "sites . . . at which your company and/or predecessor performed work and/or supplied asbestos and/or asbestos containing materials and/or specific for asbestos containing products to be installed." Doc. 143-1 at 211. Plaintiffs have identified the specific facility at which the alleged exposure took place, therefore discovery respecting other facilities is not relevant and discovery as to other facilities would be unduly burdensome. Topic 26 seeks "Communications with asbestos-containing products manufacturers," id. at 212, and is overbroad.